**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 17-2051

JEFFREY SAMS,

Petitioner,

v.

UNITED STATES PAROLE COMMISSION,

Respondent.

On Petition for Review of an Order of the United States Parole Commission.

Submitted: August 31, 2018                                     Decided: September 10, 2018

Before AGEE, THACKER, and HARRIS, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Louis C. Allen, Acting Federal Public Defender, Eric Joseph Brignac, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Petitioner. Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Phillip A. Rubin, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina; Helen Krapels, General Counsel, Gregory J. Thornton, Assistant General Counsel, UNITED STATES PAROLE COMMISSION, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to 18 U.S.C. § 4106A(b)(2)(A) (2012), Jeffrey Sams petitions for review of the United States Parole Commission's determination of his release date, which accords with the termination date of a 307-month criminal sentence previously imposed against him in Venezuela. Sams argues that the Commission's decision resulted in a sentence that is procedurally unreasonable because the Commission did not sufficiently address his arguments for an earlier release date. He further claims that his sentence is substantively unreasonable because the Commission did not properly weigh the 18 U.S.C. § 3553(a) (2012) factors. We deny the petition.

We review the Commission's decision "as though the determination appealed had been a sentence imposed by a United States district court." 18 U.S.C. § 4106A(b)(2)(B). We therefore apply "a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). When reviewing a district court's imposition of a criminal sentence, we "first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the [Sentencing] Guidelines range, . . . failing to consider the § 3553(a) factors, . . . or failing to adequately explain the chosen sentence." *Id.* at 51. "Regardless of whether the district court imposes an above, below, or within-Guidelines sentence, it must place on the record an individualized assessment based on the particular facts of the case before it." *United States v. Carter*, 564 F.3d 325, 330 (4th Cir. 2009) (internal quotation marks omitted). "Where the defendant . . . presents nonfrivolous reasons for imposing a different sentence than that set forth in the advisory Guidelines, a district judge should address the party's

2

arguments and explain why he has rejected those arguments." *Id.* at 328 (internal quotation marks omitted). "Nonetheless, when a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation." *Rita v. United States*, 551 U.S. 338, 356 (2007).

If there is no significant procedural error, we then consider the sentence's substantive reasonableness under "the totality of the circumstances." *Gall*, 552 U.S. at 51. We presume that a sentence within a properly calculated Guidelines range is substantively reasonable. *United States v. Blue*, 877 F.3d 513, 519-20 (4th Cir. 2017). A defendant can rebut this presumption only "by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

Having carefully reviewed the record, we find that the Commission considered each of Sams' arguments and sufficiently explained why they were outweighed by other § 3553(a) factors, most saliently the nature and circumstances of his offenses. We also conclude that Sams has not made the showing necessary to rebut the presumption of substantive reasonableness that we afford his within-Guidelines sentence.

Because the Commission did not abuse its discretion in determining Sams' release date, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*